ERIC GRANT
United States Attorney
JUSTIN L. LEE
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>HECTOR LOPEZ-RIVAS,<br>Defendant. | CASE NO. 2:26-CR-00044-DC<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [~~PROPOSED~~] FINDINGS AND ORDER<br><br>DATE: August 14, 2026<br>TIME: 9:30 a.m.<br>COURT: Hon. Dena Coggins |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on August 14, 2026.

2. By this stipulation, defendant now moves to continue the status conference until October 30, 2026, and to exclude time between August 14, 2026, and October 30, 2026, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

a) The indictment in this case was filed on April 9, 2026. On May 29, 2026, defense counsel requested additional information from the United States. The United States agreed to seek out and provide the information requested by defense counsel. On July 10, 2026, the United States produced additional discovery to defense counsel. This discovery significantly widened the defendant's potential criminal liability beyond the single traffic stop that is charged

in the Indictment.

b) Counsel for the defendant desires additional time to review the discovery in consultation with the defendant, conduct defense investigation, and otherwise prepare for trial in this matter. At this point, counsel for the defendant has not had sufficient time to meet with the defendant and determine whether this matter should be set for trial or whether other matters need to be resolved prior to a trial date.

c) Accordingly, counsel for the defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) The government does not object to the continuance.

e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of August 14, 2026 to October 30, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///

///

///

///

///

///

///

///

///

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: August 7, 2026

ERIC GRANT
United States Attorney

/s/ JUSTIN L. LEE
JUSTIN L. LEE
Assistant United States Attorney

Dated: August 7, 2026

/s/ MEGHAN McLOUGHLIN
MEGHAN McLOUGHLIN
Counsel for Defendant
HECTOR LOPEZ-RIVAS

**ORDER**

IT IS HEREBY ORDERED, the court, having received, read and considered the parties' stipulation filed on August 7, 2026 (Doc. No. 17), and good cause appearing therefrom, APPROVES the parties' stipulation. Accordingly, the Status Conference scheduled for August 14, 2026, is VACATED and RESET for October 30, 2026 at 9:30 a.m. in Courtroom 10 before the Honorable Dena M. Coggins. The time period between August 14, 2026 and October 30, 2026, inclusive, is excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(7)(A), and B(iv) [Local Code T4], as the ends of justice served by granting the continuance outweigh the best interest of the public and the defendants in a speedy trial.

IT IS SO ORDERED.

Dated: **August 10, 2026**

Dena Coggins
United States District Judge